DAVID DINKELSPIEL, EDWARD OPPENHEIMER AND HENRY HYMAN, APPELLANTS, v. MARY ANN FRANKLIN, RESPONDENT.

*Usury — Bond and mortgage — when mortgagor is estopped by certificate of validity of mortgage.*

APPEAL from judgment at Special Term in favor of the defendant, dismissing the complaint upon the merits, with costs, and adjudging the bond and mortgage mentioned in the complaint null and void, and ordering them to be delivered up to be canceled.

This was an action for the foreclosure of a mortgage made by the defendant to one Windle, and by him assigned to the plaintiffs. The answer did not deny the execution of the bond and mortgage, but set up the defense of usury, alleging that the defendant made the bond and mortgage and delivered them to Windle without any

consideration whatever, and for the purpose of enabling him to borrow money for her, and that afterwards Windle transferred them to plaintiffs for a sum much less than their face. The bond and mortgage was placed by Windle in the hands of a broker to be sold. A certificate, purporting to be executed by the defendant, was presented to the plaintiffs, during the negotiations for and before the purchase was made, by which the mortgagor declared "That the said mortgage, with the bond thereunto accompanying, were executed for a good and valuable consideration, and that the entire principal sum of $6,000, with interest thereon from the 24th day of June, 1872, now remains unpaid on account thereof, and that the same is a good and valid lien upon the said mortgaged premises, for the whole of said principal and interest, as aforesaid, and that there is no counter claim or offset against the said bond and mortgage, nor any defense thereto in law or equity."

The court at General Term say: "It seems to us very clear that the plaintiffs were at liberty to show that they acted in good faith in making the purchase of the mortgage, and believed the certificate to have been given in good faith and to be true, and that the exclusion of evidence tending to show these facts was manifest error. Such a certificate is no estoppel when it is not taken in good faith; and with reliance upon the correctness of its statements, and the party who receives it on such a purchase as this cannot use it as an estoppel, if he himself did not, in good faith, believe its contents and rely upon its assertions. But, in all cases, the purchaser is at liberty to show his good faith in the transaction, and that he did, in fact, rely upon the certificate. The court found that in this case the respondent signed the certificate in entire ignorance of its contents and without knowing the purpose for which it was to be used. Of course, a certificate fraudulently obtained from the mortgagor could not operate as an estoppel against her, although the purchaser acted in good faith in relying upon it. But the court does not find any such fraud, nor would the evidence have justified it. It appears that she signed the certificate when presented to her by a clerk of her own agent, Windle, the mortgagee, without reading it, and apparently with entire indifference as to its contents. She thus, so far as the case shows, by her own negligence, armed her own agent with

power to commit a fraud upon the plaintiffs, assuming that they acted in good faith, relying upon the certificate.".

*M. L. Townsend,* for the appellants. *Dudley Field,* for the respondent.

Opinion by DAVIS, P. J.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, new trial ordered, costs to abide event.